## HENRY ROHLFING v. JOHN LIGHTBODY.

ERROR *Requiring Reversal of Judgment.* Where an action is tried in the district court by a jury, on appeal from a judgment of a justice of the peace, upon an erroneous theory, and incompetent testimony is given over the objection of the defendant, and said incompetent testimony is material and tends to support the verdict and findings of the jury, *held*, such error as to require a reversal of the judgment.

*Error from Barton District Court.*

At the June Term, 1885, plaintiff *Lightbody* had judgment for $29.53 against defendant *Rohlfing*, who brings the case here. The facts appear in the opinion.

*Diffenbacher & Banta,* for plaintiff in error.

*G. W. Nimocks,* for defendant in error.

Opinion by CLOGSTON, C.: John Lightbody brought this action originally before a justice of the peace of Barton county. The items of his bill of particulars are as follows:

| | | |
|---|---|---:|
| To work and labor, 1883, from September 19 to November 19, at $60 per month | | $120.00 |
| November 19, 1883, to January 19, 1885, at $69 per month | | 966.00 |
| | Total | $1,086.00 |
| | Credit by book account | 787.26 |
| | Balance | $298.74 |

The defendant filed a general denial, and alleged that the work and labor performed by the plaintiff were performed under a contract at $40 per month, and also filed a counter-claim of $828.54 for goods sold and delivered. Trial and judgment for the plaintiff for $136.69, and defendant appealed to the district court. Trial by jury; verdict and special findings for the plaintiff, and judgment on the verdict and findings for $29.53. Of this judgment the defendant complains. The plaintiff in error presents and complains of a good many errors committed on the trial below, many of which are not material, and others were cured by the findings of fact by the jury. The jury found the following facts in answer to questions submitted to them by the plaintiff in error:

"1st. Did plaintiff and defendant have an agreement that plaintiff was to have half of the profits of the defendant's business for plaintiff's services as a clerk, after deducting 12 per cent. interest on the business? If so, when was the contract made, and by whom? A. No.

"2d. Was there a contract entered into by the plaintiff and the defendant whereby plaintiff was to work for defendant for $40 per month, or any other specified sum per month? If so, when was the contract made and what was the plaintiff to receive per month? A. No.

"3d. If Lightbody was in the employ of Herman Smith, how long was he to work under such employment, and who was to pay him? A. One month; to be paid by Herman Smith.

"4th. For how many months' work did the plaintiff agree to look to Herman Smith, and in whose employ was he for the first month or two? A. One month for Herman Smith."

After a careful examination of this record, we are compelled

to say that we do not know upon what theory this case was tried; and taken upon any theory, there seems to have been an entire disregard of the ordinary rules of construction of pleadngs, the introduction of testimony, and conduct of the trial generally. The plaintiff's bill of particulars indicates either that the plaintiff claimed compensation for his labor at a stipulated price per month, or that he had performed services for the defendant and that such services were reasonably worth the amount charged in his bill of particulars. Under this bill of particulars he could have proven either; but the court permitted proof that by a contract with the defendant he was to receive one-half of the profits of the plaintiff's business after deducting 12 per cent. interest upon the money defendant had invested in his business. Now under what rule of construction could this evidence be admitted? It neither tended to prove what plaintiff's services were worth, nor that he had a contract for a stipulated sum per month, as indicated by his bill of particulars. Section 71 of the procedure before justices of the peace provides: "The evidence on the trial shall be confined to the items set forth in the bill of particulars," and surely this evidence, admitted by the court, did not tend to prove in the slightest degree the items contained in plaintiff's bill of particulars; but as the jury found that there was no such contract, this evidence could not prejudice the defendant. This disposes of all the questions raised by the plaintiff in error in relation to the evidence seeking to establish a partnership in the profits of the business, and the question of the jurisdiction of the court to inquire therein on appeal from the justice of the peace to the district court.

The court admitted, over the objection of the defendant, the following evidence given by the plaintiff on his own behalf:

"Q. You may state to the jury if you had an offer for better wages; and if so, what were the circumstances connected with it? A. Yes, sir.

"Q. State whether or not you had a better offer; and if so,

when did you have it?   A. Yes, sir, I did; I had that in the month of July.

"Q. What year was that in?   A. 1884.

"Q. Who made you that offer?   A. John Rader.

"Q. What was it for?   A. It was for $65 per month."

Also the following testimony, by witness Rader, over the objection of the defendant:

"Q. Do you remember Mr. Lightbody's testimony concerning the offer that you made him of $60 or $65 per month?   A. Yes, sir.

"Q. You may state, Mr. Rader, if you made Mr. Lightbody an offer of that kind in July, 1884, to go to work for you.   A. Yes, sir; I made him that offer.

"Q. What was the offer?   A. I offered him $60 per month to go to work for me."

This evidence was offered by the plaintiff evidently to show what his services were reasonably worth during the time he was working for the defendant—the offer, being July, 1884, was during the time he was working for the defendant—and also to rebut the testimony offered by the defendant that plaintiff was working under a contract for $40 per month. This testimony was incompetent for any purpose. It was testimony given by the plaintiff of his own declarations on his own behalf, and the declarations of Rader in response thereto. This evidence being permitted to go to the jury over the objection of the defendant, was a violation of a rule of evidence; and being so admitted, was evidence upon which a jury might well find that the services of the plaintiff were worth at least what he might have received from others during the same period of time; and also tending to rebut the testimony of the defendant as to the contract for $40 per month under which the plaintiff was working for the defendant. Now while the amount involved in this case is small, yet we do not feel willing to affirm a judgment for that reason alone, when the record shows that the case was tried upon a false theory and submitted to the jury on incompetent testimony.

Plaintiff in error also complains of the instructions of the

court, but we find no error in the charge given to the jury under the evidence as admitted by the court.

We therefore recommend that the judgment of the court below be reversed.

By the Court: It is so ordered.

All the Justices concurring.